IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO RODRIGUEZ-CASIANO
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 13-1708CCC

**OPINION AND ORDER**

Before the Court are Petitioner Osvaldo Rodríguez-Casiano's (hereinafter "Petitioner" or "Rodríguez-Casiano") 28 U.S.C. § 2255 Petition (docket entry 1), as well as the Government's Response (docket entry 3). For the reasons discussed below, the Court finds that the Petition shall be ORDERED DISMISSED.

**I.   BACKGROUND AND DISCUSSION**

On October 27, 2003, Petitioner Osvaldo Rodríguez-Casiano (hereinafter "Petitioner" or "Rodríguez-Casiano") was sentenced to a total term of imprisonment of seven hundred and forty-one (741) months (Crim. D.E. 234).[1] Petitioner had previously been found guilty by a jury for violations to Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2 (Crim. D.E. 239). On November 14, 2003, Rodríguez-Casiano's Amended Judgment was entered (Crim. D.E. 239). On December 3, 2003, Petitioner filed a timely Notice of Appeal (Crim. D.E. 240).

On October 4, 2005, the First Circuit Court of Appeals affirmed Petitioner's conviction and sentence, United States v. Rodríguez-Casiano, 425 F.3d 12 (1st Cir. 2005). Therefore, Petitioner's conviction became final on January 4, 2006.

---

[1]Crim. D.E. is an abbreviation of criminal docket entry number.

CIVIL 13-1708CCC                    2

On January 12, 2007, Rodríguez-Casiano filed his first Petition for Relief pursuant to Section 2255[2] (docket entry 1 in Case No. 07-1029CCC). In his first § 2255 Petition, Rodríguez-Casiano made various claims of ineffective assistance of counsel against both his trial and appellate attorneys. On July 28, 2009, the Court in a detailed Opinion & Order denied Rodríguez-Casiano's § 2255 Petition (docket entry 18 in Case No. 07-1029CCC).

On August 17, 2009, Rodríguez-Casiano filed a Notice of Appeal (docket entry 21 in Case No. 07-1029CCC). On August 19, 2009, Petitioner filed a Motion for Certificate of Appealability (docket entry 22 in Case No. 07-1029CCC). On February 10, 2010, the First Circuit Court of Appeals denied Rodríguez-Casiano's request for a certificate of appealability and terminated the appeal (Rodríguez-Casiano v. United States, Appeal No. 09-2290, February 10, 2010).

On October 22, 2012, Rodríguez-Casiano then filed an application for leave to file a second § 2255 Petition (1st Cir. App. No. 12-2269). On November 20, 2012, the First Circuit Court of Appeals entered its Judgment denying Petitioner's application to file a second § 2255 Petition. The Court stated: "This denial is not subject to appeal or rehearing" Rodríguez-Casiano v. United States, App. 12-2269 (Nov. 20, 2012).

On July 18, 2013, Rodríguez-Casiano filed a motion requesting the appointment of a Public Defender (Crim. D.E. 337), which he grounded on the need to receive help to "prepare the necessary motions in accordance with the recent Supreme Court ruling in Alleyne v. United States, 133 S.Ct.

---

[2]Rodríguez-Casiano dated and signed his Petition on December 26, 2006, which would allow for a timely filing (Crim. D.E. 1 in Case No. 07-1029).

CIVIL 13-1708CCC                                    3

2151 (2013). In <u>Alleyne</u>, the Supreme Court held that whether a defendant had brandished vs. merely carried a firearm was an element of a separate aggravated offense that needed to be found by a jury beyond a reasonable doubt because it would elevate the mandatory minimum term from five to seven years, <u>Alleyne</u>, 133 S.Ct. at 2155.  On August 28, 2013, this Court denied Petitioner's request (Crim. D.E. 338) and stated:

> Having considered the Motion for appointment of counsel to "prepare the necessary motion(s) in accordance with the recent Supreme Court ruling <u>Alleyne v. United States</u>" filed by **defendant [2] Osvaldo Rodriguez-Casiano** <u>pro se</u> on July 8, 2013 (**docket entry 337**), the same is **DENIED** since even if we were to assume that a new rule of constitutional law was announced in <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151 (2013), it has not been made retroactive to cases on collateral review by the Supreme Court.  The declaration of retroactivity must come from the Justices.  See <u>Dodd v. United States</u>, 545 U.S. 353, 125 S.Ct. 2478 (2005); <u>Tyler v. Cain</u>, 533 U.S. 656, 121 S.Ct. 2478 (2001). We note that the Court resolved <u>Alleyne</u> on direct rather than collateral review, and did not declare that its new rule applied retroactively on collateral attack.  Absent such declaration of retroactivity, "defendants seeking collateral relief may not rely on new rules of criminal procedure announced after their convictions have become final on direct appeal." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352, 124 S.Ct. 2519, 2523 (2004).

Notwithstanding this Court's specific ruling, on September 13, 2013 Petitioner filed this second § 2255 Petition (docket entry 1) precisely based on the <u>Alleyne</u> argument.[3]  Said filing was done without prior approval from the

---

[3] Petitioner's basic contention is that he is entitled to re-sentencing in light of the ruling in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013).  In order for Petitioner to prosper in his filing he must be able to establish that <u>Alleyne</u> is a watershed rule of criminal procedure warranting retroactive application.  The Court in <u>Alleyne</u> "held that the Sixth Amendment right to trial by jury requires that the <u>Apprendi</u> doctrine applies equally to facts that increase a mandatory minimum sentence." <u>United States v. Harakaly</u>, 734 F.3d 88, 94 (1st Cir. 2013). <u>Apprendi</u>, in turn "held that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" <u>Id</u>. (quoting <u>Apprendi</u>, 530 U.S. at 490).  Therefore, the <u>Alleyne</u> decision extends the <u>Apprendi</u> rule by applying it to any fact that increases the mandatory minimum sentence and, in general, requires such facts "must be submitted to the jury and found beyond a reasonable doubt." <u>Alleyne</u>, 133 S.Ct. at 2163.  Although the First Circuit has not directly addressed whether <u>Alleyne</u> applies retroactively, it recently described <u>Alleyne</u> as an extension of the <u>Apprendi</u> doctrine. <u>Harakaly</u>, 734 F.3d at 94.  In doing so, it has implicitly disqualified <u>Alleyne</u> as having established

CIVIL 13-1708CCC 4

First Circuit Court of Appeals, as required by Section 2255(h). Rodríguez-Casiano had to, prior to filing this second § 2255 Petition, comply with Section 2255(h) and obtain a certificate from the Court of Appeals authorizing his successive filing. It is only when a petitioner obtains from the Court of Appeal's the certificate allowing the successive § 2255 filing that the district court obtains jurisdiction over the matter. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prior approval provision, the district court lacks jurisdiction over a second or successive § 2255 petition unless and until the Court of Appeals has decreed that it may go forward. <u>Trenkler v United States</u>, 536 F.3d 85 (1st Cir. 2008).

Having established that Rodríguez-Casiano did not obtain a certificate from the First Circuit Court of Appeals allowing this successive § 2255 Petition to be filed, we lack jurisdiction over the matter and cannot entertain the same. As such, Petitioner's § 2255 request for relief is DISMISSED.

## II.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner Osvaldo Rodríguez-Casiano's successive § 2255 Petition is barred as this Court lacks jurisdiction over the matter. Accordingly, it is ordered that Petitioner Osvaldo Rodríguez-Casiano's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (**docket entry 1**) be DISMISSED, with prejudice. Judgment shall be entered accordingly.

## III.   CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no

---

a new watershed rule that would warrant retroactive application.

CIVIL 13-1708CCC                         5

substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

    SO ORDERED.

    At San Juan, Puerto Rico, on August 29, 2014.


                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge